

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

O-4438

Honorable Jack Borden
County Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. O-3318
Re: May an army canteen legally
sell beer to soldiers of an
army camp where such camp
lies wholly within a dry
territory?

Your written request dated March 20, 1941, for
an opinion from this department has been received and con-
sidered. We quote from your request:

"Since the opening of Camp Wolters, near
Mineral Wells, but located in Parker County,
Texas, the question has arisen as to whether
or not beer can legally be sold within the
bounds of this camp, under the supervision of
the army camp authorities at the canteen, to
soldiers only. Parker County is an entirely
dry county.

"Palo Pinto County, in which Mineral Wells
is the principal city, which city is within three
or four miles of the army post, is a wet county
in so far as beer is concerned. Tarrant County,
on the east of Parker County, is also a wet county,
as to beer and whiskey both.

"There are a small number of soldiers sta-
tioned at Camp Wolters now, in comparison to the
number that will be stationed there within the
next 30 days. During the past week-end, we had
two accidents in this county in which soldiers
were involved, all of whom were intoxicated. One
soldier died and another very seriously injured.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jack Borden, Page 2

"I conferred with Provost Marshall at Camp Wolters yesterday and it was his opinion that if beer could be handled and sold to the soldiers within the confines of the camp, there would be a great decrease in the number of soldiers travelling the highways who are intoxicated or who have been drinking intoxicating liquors.

"I would like an opinion to the following question: Can the army canteen legally sell beer to the soldiers of the army camp when such camp lies wholly within a dry territory.

"I have no authorities to submit on this question, but voiced the opinion to the Provost Marshall that it would not be legal to sell beer in this camp."

Article 1, Section 8, Clause 17 of the United States Constitution provides:

"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;--And"

Articles 5242-5248, inclusive, Revised Civil Statutes, 1925, deal with the acquisition of land in Texas by the Federal Government for Federal use.

Article 5242, supra, provides:

"The United States Government through its proper agent may purchase, acquire, hold, own, occupy and possess such lands within the limits of this State as it deems expedient and may seek to occupy and hold as sites on which to erect and maintain light houses, forts, military stations, magazines, arsenals, dock yards, custom

houses, post offices and all other needful pub-
lic buildings, and for the purpose of erecting
and constructing locks and dams, for the straight-
ening of streams by making cutoffs, building
levees, or for the erection of any other struc-
tures or improvements that may become necessary
in developing or improving the waterways, rivers
and harbors of Texas and the consent of the Legis-
lature is hereby expressly given to any such
purchase or acquisition made in accordance with
the provisions of this law."

Article 5247, supra, reads:

"Whenever the United States shall acquire
any lands under this title, and shall desire to
acquire constitutional jurisdiction over such
lands for any purpose authorized herein, it shall
be lawful for the Governor, in the name and in
behalf of the State, to cede to the United States
exclusive jurisdiction over any lands so acquired,
when application may be made to him for that pur-
pose, which application shall be in writing and
accompanied with the proper evidence of such ac-
quisition, duly authenticated and recorded, con-
taining or having annexed thereto, an accurate
description by metes and bounds of the lands sought
to be ceded. No such cession shall ever be made
except upon the express condition that this State
shall retain concurrent jurisdiction with the
United States over every portion of the lands so
ceded, so far, that all process, civil or crim-
inal issuing under the authority of this State
or any of the courts or judicial officers thereof,
may be executed by the proper officers of the
State, upon any person amenable to the same with-
in the limits of the land so ceded, in like manner
and like effect as if no such cession had taken
place; and such condition shall be inserted in
such instrument of cession."

Honorable Jack Borden, Page 4

In the case of Curry v. State, (Court of Criminal Appeals), 12 S. W. (2d) 796, the court, in passing upon whether a State court had jurisdiction over an offense committed within the boundaries of a military reservation, said:

"    .    .    .    Under the language of the United States Constitution quoted above, a purchase of land with the consent of the Legislature will confer the exclusive right to legislate by the United States government over it, which necessarily carries with it the privilege and right of exclusive jurisdiction of its courts. 16 C. J. 222; United States v. Tucker (D. C.) 122 F. 518. Authorities, supra; Ft. Leavenworth R. Co. v. Lowe, 114 U. S. 525, 5 S. Ct. 995, 29 L. Ed. 264; In re Kelly (C.C.) 71 F. 545, 549; United States v. Holt (C. C.) 168 F. 141, judgment affirmed 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; see annotations to above clause of United States Constitution, vol. 10, U. S. Compiled Statutes 1916, beginning at page 13514, where full collation of authorites will be found.

"All authorities uniformly hold that the United States government has sovereign authority and exclusive jurisdiction over all lands acquired and used by it for one of the purposes mentioned in the United States Constitution, in all cases where jurisdiction has been expressly ceded by the state, or where same exists by necessary implication arising from consent of the state to the purchase of such land. In either of such cases the right to prosecute and punish for crime exists only in the United States government. . . . "

In opinion No. 0-3216 this department held that where a deed of cession of unlimited jurisdiction had been made by the State of Texas to the Federal Government, in the manner provided by law, the sale of liquor to an officers

Honorable Jack Borden, Page 5

club located on such ceded territory at wholesale, was not subject to regulation under the laws of the State of Texas. This opinion also held that if cession of exclusive jurisdiction had not been made by the State of Texas to the United States then the State of Texas retained its jurisdiction over military reservations within this State and the sale of liquor would be subject to the provisions of the Texas laws. We think the holding in that case and the reasons given can be generally applied to your proposition. We are enclosing a copy of opinion No. O-3216 for your information.

Since you have not indicated whether or not a deed of cession has been given by the Governor of the State of Texas to the Federal Government in compliance with the statutes hereinabove quoted, with reference to the army camp which you have asked about, which we think is controlling in answering your question, we will, therefore, answer your question as follows:

1. If a deed of cession of unlimited jurisdiction over the army camp inquired about has been executed by the Governor of the State of Texas to the United States Government as provided by Articles 5242 to 5247, incl. R.C.S., 1925, then we believe the Federal Government has complete and exclusive legislative control and jurisdiction over such military grounds, and that the sale of beer by the army canteen to soldiers on such grounds would not be amenable to and be controlled by the laws of the State of Texas;

2. If a deed of cession has not been executed, in the manner indicated above, then we believe that the sale of beer by the army canteen on military grounds will be subject to the provisions of the Texas Liquor Control Act. (Article 667, Section 2, Vernon's Penal Code of the State of Texas).

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Harold M. Cracken_

Harold McCracken
Assistant

APPROVED APR 12, 1941

_Glenn R. Lewis_

Acting ATTORNEY GENERAL OF TEXAS

HM:ej

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN